404 A.2d 1317

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Gary Douglas BROCKLEHURST.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1978.

Decided May 23, 1979.

Petition for Allowance of Appeal Granted Sept. 24, 1979.

336

Samuel J. Orr, IV, District Attorney, and with him, David B. Douds, Assistant District Attorney, Mercer, for Commonwealth, appellant.

Charles F. Gilchrest, Sharon, for appellee.

Before CERCONE, President Judge, and SPAETH and LIPEZ, JJ.

CERCONE, President Judge:

The Commonwealth appeals the order of the lower court arresting judgment on the charge of burglary[1] against the appellee, Gary Douglas Brocklehurst, based on a violation of his Rule 1100[2] rights. We reverse the order of the lower court and reinstate the conviction for burglary entered at the non-jury trial.

On June 22, 1977, a criminal complaint was filed against Gary *Paul* Brocklehurst, charging him with a house burglary and related offenses that had occurred in 1975. Police received information implicating Gary Brocklehurst from informants and co-conspirators in the crime. Although the wrong Gary Brocklehurst was named in the complaint, Gary *Douglas* Brocklehurst was arrested on July 30, 1977. Once Gary Douglas Brocklehurst was in custody, the police realized they had not only mistaken Gary's middle name on the face of the complaint, but they had also stated the wrong address, birthdate and social security number.

Realizing their mistakes, the police attempted to amend the complaint at the preliminary hearing on August 9, 1977. Defense counsel objected, claiming the misidentification was a substantive defect and that the statute of limitations had run on all the offenses except burglary. The police withdrew the complaint of June 22, 1977, re-arrested appellee

---

1. Crimes Code, 18 Pa.C.S. § 3502 (1973).

2. More specifically, Pa.R.Crim.P. 1100(a)(2) provides:
 Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

and filed a new complaint charging him only with the burglary offense.

Trial began on December 27, 1977. Prior to that date, defense counsel filed a petition to dismiss under Pa.R. Crim.P. 1100(f) alleging that the 180-day period from the filing of the first complaint had expired on December 19, 1977 and, therefore, appellee's right to a speedy trial had been violated. The petition was denied and the non-jury trial proceeded wherein appellant was found guilty. Following post-trial motions, the lower court judge reversed his prior ruling and dismissed the case, holding that the 180-day period ran from the filing of the first complaint and not from the filing of the second.

Our cases have held that the 180 day period begins to run anew with the filing of a subsequent complaint, provided the first complaint was properly dismissed and the record does not disclose evidence of prosecutorial misconduct to circumvent Rule 1100. *Commonwealth v. Lowe*, 255 Pa.Super. 78, 386 A.2d 144 (1978); *Commonwealth v. Braithwaite*, 253 Pa.Super. 467, 385 A.2d 423 (1978); *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976).

 In addressing the first prong of this test, there is no question that the original complaint was properly withdrawn. Pa.R.Crim.P. 150 provides:

"(b) *Substantive Defects:*

If a complaint, citation, summons or warrant contains a substantive defect, the defendant shall be discharged unless he waives the defect. Nothing in this rule shall prevent the filing of a new complaint or citation and the issuance of process in which the defect is corrected in a proper manner."

COMMENT:

"Substantive defects would include those cases in which the defendant's identity cannot be determined. . . ."

When applying this rule to the instant case, it is clear that naming the wrong party along with the incorrect address, birthdate and social security number in the original com-

plaint was a substantive defect requiring a new complaint. Although it is true that the 180-day period begins to run when the criminal proceedings are instituted by filing the criminal complaint, *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977), we have also held that "[w]e read Rule 1100 on prompt trial as applying to complaints properly filed and not to defective complaints that are dismissed." *Commonwealth v. Mumich*, 239 Pa.Super. at 213, 361 A.2d at 361.

In the case before us, the prosecution promptly refiled a complaint with the correction and pursuant to Pa.R. Crim.P. 150(b). Such promptness indicates the lack of bad faith in the proceedings on the part of the police. This fact distinguishes the case from *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976). In *Whitaker*, the prosecution moved for a nolle prosequi two days prior to the expiration of the Rule 1100 period. The motion was granted, and one month later the prosecution moved to vacate the nolle prosequi. Our supreme court held that this clearly violated the principles behind Rule 1100 in that the Commonwealth, in effect, sought an extension without complying with the rule. Such was not the case here.

This case is also distinguishable from the supreme court's pronouncements in *Commonwealth v. Earp*, 476 Pa. 369, 382 A.2d 1215 (1978). There, a criminal complaint was filed charging the defendant with several related offenses. Some of the charges were dismissed while others were ongoing and the defendant was continuously incarcerated. The court held that the Rule 1100 period ran from the date the original complaint was filed and not from the date of re-arrest. However, the court specifically stated, "[w]e need not decide the effect of a complete dismissal on all charges arising out of a criminal transaction upon the speedy trial rule." *Id.*, 476 Pa. at 374, n. 1, 382 A.2d at 1217. This issue the Supreme Court did not reach is the one we are presented with in the instant case. Under the factual situation involving the substantive defect in the complaint, we hold the 180 day period ran from the date of the second criminal complaint. Since appellee's trial took place within 180 days from that date, his petition to dismiss was properly denied.

340

Order of the lower court reversed and case remanded for sentencing on the burglary conviction.