## Commonwealth v. Hooker

*Sheryl A. Seratta,* for Commonwealth.
*Jeffrey W. Stover,* for defendant.

BROWN, JR., *P.J.*, June 10, 1985—
FACTUAL AND PROCEDURAL BACKGROUND

This matter comes before the court upon defendants' omnibus pretrial motions. Defendants Robert Donald Hooker and Jeffrey Nutkowitz have each moved for dismissal of the instant charges on grounds their rights under Pa.R.Crim.P. 1100 have been violated. On the basis of the following, we agree. (We need not dispose of the remainder of defendants' motions.)

On July 12, 1984, defendants were arrested for incidents allegedly occurring on December 15 and 20, 1983. Defendants' arrests were made pursuant to criminal complaints sworn to by Agent John M. Beringer of the Pennsylvania Bureau of Narcotics Investigations and Drug Control. Defendants' preliminary hearings were conducted on July 25, 1984. At these preliminary hearings, Officer Quinton Tedeschi, of the Irvona Borough Police Department (Clearfield County), testified he, not Agent Beringer, had witnessed the December 15 and 20, 1983, incidents. To that extent, Agent Beringer's signature on the probable cause statement of defendants' criminal complaints constituted a "defect." Neither defendant objected to this defect prior to the preliminary hearings.

On December 3, 1984, this court granted the Commonwealth's request that a nolle prosequi be entered in each defendant's case on grounds of a defective complaint. Defendants were not notified of

the Commonwealth's request and there were no hearings in open court on whether or not to grant that request.

On or after February 28, 1985, the Commonwealth filed a second criminal complaint against each defendant concerning the incidents of December, 1983, which were the subject of the first complaints. The only difference between these complaints and the first complaints was that the affidavits of probable cause were written from Agent Beringer's perspective and signed by him. The affidavit of probable cause for the first complaint in each case was written from Officer Tedeschi's perspective and signed by Agent Beringer.

After preliminary hearings on April 3, 1985, defendants were bound over for court. The instant motions followed.

## DISCUSSION

To determine whether or not Rule 1100 has been violated in a situation where the court enters a nol pros and the Commonwealth files a second criminal complaint, this court must apply the two-pronged standard set forth in Commonwealth v. Braithwaite, 253 Pa.Super. 447, 385 A.2d 423, 424-25 (1978), and Commonwealth v. Mumich, 239 Pa.Super. 209, 361 A.2d 359 (1976). The 180 day period would attach from the date of the latter complaint only if: "(1) the first complaint was properly dismissed, *and* (2) the record fails to reflect an improper prosecutorial design to circumvent the mandate of Rule 1100." Braithwaite at 450, 385 A.2d at 424-25. (Emphasis added.)

Here, the first complaint was improperly dismissed by the order of nolle prosequi entered by the

court. Under amended Pa.R.Crim.P. 150, a complaint shall be dismissed only if a defect prejudices the rights of a defendant. No distinction between substantive and informal defects is necessary. See comments to Rule 150. Clearly, the fact that Agent Beringer signed an affidavit of probable cause authored from Officer Tedeschi's perspective does not prejudice either of defendants' rights. The proper procedure to cure the defect would have been to amend the complaint. We also note defendants failed to raise this defect prior to their preliminary hearings. Therefore, the Commonwealth did not need to cure the defect.

Secondly, this court failed to hold a hearing in open court prior to entering the instant nolle prosequi orders as is required by Rule 313. See Commonwealth v. Reinhart, 466 Pa. 591, 353 A.2d 848 (1976) cert. denied 429 U.S. 886 (1977). Therefore, defendants were denied the opportunity to assert at that time: (1) the impropriety of nolle prosequi as opposed to amendment of the complaint, and (2) their rights under Rule 1100 and under the Pennsylvania and United States Constitutions.

Because we hold that the initial complaints filed to Centre Co., Crim. nos. 1984-648 and 1984-652, were improperly dismissed, we need not consider the second prong of the standard enunciated by the Superior Court.

## ORDER

And now, this June 10, 1985, it is hereby ordered that defendants' motions to dismiss pursuant to Rule 1100 said motions are granted. The above captioned charges filed against defendants Robert Donald Hooker and Jeffrey Nutkowitz are dismissed and defendants are discharged.