## Commonwealth v. Geoghan

*Colin Jenei, assistant district attorney,* for the Commonwealth.

*Joseph Murray,* for defendant.

GARB, *P.J.,* February 3, 1986—As strange as it may seem, defendant has appealed from our order of December 3, 1985, wherein we approved the Commonwealth's request for a nolle prosse of the charges against her. At the same time, however, we allowed the Commonwealth to amend the criminal information to charge only summary offenses which were remanded to a district justice for trial.

As Yogi Berra might have said, the history of this case really hasn't happened yet. It is apparent that all of the maneuvering which has occurred to date is nothing more than the preamble to a civil suit by this defendant against the police officers involved arising out of allegedly abusive conduct by those officers. Of course, we can and do not express any opinion regarding the merits of any such lawsuit. We will address herein only the reasons for our order.

Defendant was charged, initially, with simple assault, resisting arrest and disorderly conduct, all of which allegedly occurred on August 8, 1985 in the early morning hours on the streets of Morrisville, Bucks County, Pa. From what we can glean from the official records, it appears that the whole incident began with a motor vehicle stop and went downhill from there. A preliminary hearing was held on the aforesaid charges and defendant was held for court. Defendant was subsequently arraigned, and the matter fixed for trial on December 3, 1985. Prior to that time, the district attorney had notified defense counsel that he had determined that the evidence was insufficient to sustain the charges heretofore enumerated and, therefore,

wished to withdraw those charges, substituting for them various summary offenses.* True to its word, when the case was called for trial on December 3, 1985, the Commonwealth moved to nolle prosse. At the time that motion was made before the bar of the court, the assistant district attorney stated that the reasons were that the evidence would not support the charges contained in the criminal information, but rather would support the summary offenses of harrassment and disorderly conduct. Defendant objected to the entry of the nolle prosse, and we heard extended argument by counsel for defendant in opposition thereto. After the argument was made, the court granted the Commonwealth leave to nolle prosse the information as filed and to file an amended one charging only the summary offenses of harrassment and disorderly conduct. The matter was then remanded to the district justice for trial of the summary offenses.

Defendant contends that somehow we erred in granting leave to nolle prosse. However, although the statement of matters complained of so states, it does not state any manner in which the error is manifest. The Act of April 28, 1978, P.L. 202, §10, 42 Pa.C.S. §8932, provides that after the commencement of a criminal matter by the filing of an information or otherwise, the district attorney shall not enter a nolle prosequi or dispose of the matter or discharge a prisoner from custody by means of a proceeding in lieu of a plea or trial without having

---

* The court records reveal that substantially prior to that time defense counsel notified the district attorney's office of defendant's contentions of police brutality and an extensive investigation was conducted into those allegations by the district attorney's office. The records in this case would reveal that no further action was taken on those allegations of police brutality.

obtained the approval of the court. A nolle prosequi is a voluntary withdrawal by a district attorney of present proceedings of a particular charge. Upon application of the attorney for the Commonwealth, the court may, in open court, enter a nolle prosequi notwithstanding the objection of any person. The grant or refusal of a nolle prosequi lies within the sound discretion of the court. Commonwealth v. Lord, 230 Pa. Super. 96, 326 A.2d 455 (1974). Subject to the court's approval, nolle prosequis may be voluntarily taken by the Commonwealth despite a defendant's objection. Commonwealth v. Legree, 256 Pa. Super. 128, 389 A.2d 634 (1978).

Pennsylvania Rule of Criminal Procedure 313 provides that upon motion of the attorney for the Commonwealth, the court may, in open court, order a nolle prosequi notwithstanding the objection of any person. The words "notwithstanding the objection of any person" are defined in Commonwealth v. Reinhart, 466 Pa. 591, 353 A.2d 848 (1976), as meaning that a criminal defendant does not have an absolute right to be tried on demand. A motion for a nolle prosequi is treated like any other motion with the opportunity afforded to defendant, if he objects, to voice his objections. The court then weighs the arguments for and against and makes a decision. Commonwealth v. Reinhart, supra. That is precisely what occurred here. The Commonwealth asserted that it had determined that it had insufficient evidence to sustain the charges contained in the criminal information. Defendant argued vociferously in opposition thereto, but it must be admitted we are somewhat at a loss to understand all of the arguments made. In any event, after hearing the arguments, we exercised our discretion and allowed the nolle prosequi. There has been no demonstration on this record of any manner in which we abused that

discretion or of any prejudice upon defendant as a result thereof. There is nothing on this record to demonstrate that defendant's speedy-trial rights are in any way impaired by the grant of this nolle prosequi, distinguish Commonwealth v. Whitaker, 467 Pa. 436, 359 A.2d 174 (1976), nor that any rights of double jeopardy are impaired in view of the Commonwealth's oral and written statement that it does not intend to revive the charges which were subject to the nolle prosse. Therefore, we are satisfied that the entry of the nolle prosse was proper and there was no abuse of discretion in allowing it.

Defendant's contentions that somehow the motion for nolle prosse should not have been granted because it was not previously filed with the clerk's office or within 30 days of the arraignment are without merit and will not be addressed further. Additionally, defendant's contention that the motion should not have been entertained by the undersigned because that constituted a violation of Bucks County Rule of Criminal Procedure 304(f)★ is without merit. That rule provides that with the exception of applications to fix or modify bail, for bench warrants or for arraignments, all miscellaneous pretrial applications which do not require action by a court en banc shall be submitted to and decided by the judge to whom the case has been assigned. The simple answer to that contention is that I am the criminal assignment judge, and I had assigned the case to myself.

Defendant's contentions regarding the amendment to the criminal information to charge only summary offenses is likewise without merit, at least at this stage of the proceeding. The charges are of harrassment and disorderly conduct which, on their face, are lesser included charges of simple assault and disorderly conduct as contained in the criminal

information. The date of the alleged summary offenses is the same as those contained in the criminal information. The court records would reveal, certainly, that these summary offenses might well lie from the facts of the case as set forth in the court records. Whether or not there are procedural infirmities in trying these summary offenses before the district justice are matters which should appropriately be raised and decided at that level. Therefore, we are aware of no issues in this regard to be redeemed at this time.

The foregoing explains, as best we can, our order of December 3, 1985, from which this appeal has been taken.