J-S45012-14

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAMON JONES | |
| Appellant | No. 520 EDA 2013 |

Appeal from the Judgment of Sentence of December 14, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0907121-1982

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

CONCURRING MEMORANDUM BY WECHT, J.:   **FILED NOVEMBER 24, 2014**

The learned Majority succinctly summarizes the core assertions raised by Damon Jones in his first issue in this direct appeal as relating "to the failure to timely conduct capital sentencing and his ultimate resentencing to life imprisonment."  Maj. Mem. at 5.  The Majority then proceeds to set forth an excellent discussion of the history of the constitutional rights to a trial by jury and a speedy trial, including the ultimate extension of those rights to capital resentencing upon the grant of post-conviction relief.  Once the Majority concludes that capital resentencing falls within the ambit of those constitutional rights, the Majority proceeds, pursuant to **Barker v. Wingo**, 407 U.S. 514 (1972), to analyze Jones' claim on the merits, and to conclude

---

[*]    Former Justice specially assigned to the Superior Court.

that he is not entitled to relief. However, what becomes lost within the Majority's analysis is the fact that the Commonwealth elected not to pursue the death penalty against Jones on resentencing, a decision which resulted in Jones being sentenced to life imprisonment. Because Jones was not subjected to a capital resentencing proceeding, a substantial amount of the Majority's discussion unfortunately amounts to non-binding *dicta*. As such, I can only join in the result reached by the Majority in its resolution of Jones' first issue.[1]

The Majority accurately notes that "[n]either the United States Supreme Court nor the Pennsylvania Supreme Court have held that the right to a speedy trial applies to sentencing, let alone resentencing following the award of post-conviction relief." Maj. Mem. at 11. Although the Majority points out that, in **Commonwealth v. Greer**, 554 A.2d 980 (Pa. Super. 1989), this Court held (albeit without meaningful discussion) that a criminal defendant may have a right to a speedy resentencing upon remand from the grant of relief on direct appeal, **see** Maj. Mem. at 11, the Majority endeavors in this appeal only to resolve the question of whether a defendant's speedy trial right extends to capital resentencing after being granted post-conviction relief. The Majority does not attempt to resolve the question of whether the constitutional right extends to non-capital cases.

---

[1]    I join the Majority's resolution of Jones' second issue. **See** Maj. Mem. at 27-28.

In essence, the Majority answers a question that, regardless of the outcome, has no bearing upon Jones. The Court ultimately concludes that, because the Supreme Court held in ***Ring v. Arizona***, 536 U.S. 584 (2002), that a capital sentencing proceeding is part and parcel of a jury trial for constitutional purposes, such a proceeding also is subject to the speedy trial mandate. Maj. Mem. at 16-17. But, again, Jones was not subjected to a capital resentencing. He was sentenced to a mandatory life sentence, as if this case was any other non-capital first-degree murder case. Thus, while the Majority may be correct that the right to a speedy trial applies to capital resentencing proceedings held following the grant of post-conviction relief, that conclusion has no bearing upon the instant case.

Admittedly, the Majority appears to have good reason for focusing its attention upon capital resentencing. The right to a speedy capital resentencing was the basis for Jones' motion before the sentencing court, in which Jones sought to have the court preclude the Commonwealth from seeking the death penalty. Further, that motion is the basis upon which this appeal, and much of Jones' arguments, rest. However, those issues became moot the moment that the Commonwealth elected not to pursue a death sentence. Accordingly, any discussion of issues relating to capital sentencing, including the Majority's subsequent ***Barker*** analysis based upon the same, is *dicta*. ***See Commonwealth v. Lee***, 935 A.2d 865, 867 n.4 (Pa. 2007) (defining *dicta* as "[a] judicial comment made during the course

- 3 -

of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential.") (citation omitted).

The Majority next proceeds to consider whether Rule 600 of the Pennsylvania Rules of Criminal Procedure applies to capital resentencing, and whether that rule could provide Jones with an independent basis for relief. *See* Maj. Mem. at 21. After considering the language and purposes underlying the rule, the Majority concludes that Rule 600 does not apply to capital resentencing. *Id.* at 27. However, for the same reasons delineated above, such a discussion amounts to *dicta* because Jones was not subjected to a capital resentencing. Thus, we should not consider the issue in the manner in which it is analyzed by the Majority.

Nonetheless, I am compelled to point out the incongruity that necessarily results from the Majority's Rule 600 analysis. Rule 600 was "adopted . . . to protect defendants' constitutional rights to a speedy trial under the Sixth Amendment [to] the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution." *Commonwealth v. Bradford*, 46 A.3d 693, 700 (Pa. 2012). More importantly, the rule "represents [the Pennsylvania Supreme Court's] determination that the 'balancing test' announced in *Barker* provides only the minimum standards guaranteed by the Sixth and Fourteenth Amendments, and that such minimum standards are not adequate to provide Pennsylvania criminal defendants the protection guaranteed by the constitution of the Commonwealth." *Commonwealth v. Whitaker*, 359 A.2d 174, 176 (Pa. 1976) (internal quotation marks

omitted). Thus, it is clear that, in Pennsylvania, Rule 600 was adopted to provide **more** protections that those provided by the United States Constitution.

As I understand the Majority's analysis, pursuant to *Ring*, capital resentencing procedures are subject to the Sixth Amendment's speedy trial mandate. However, pursuant to the Majority's analysis, a capital defendant under identical circumstances could not seek similar relief under Rule 600, a provision undeniably enacted to provide **greater** protections than the Federal Constitution. Although the Majority presents a somewhat persuasive discussion regarding Rule 600's application in this context, the Majority does not address this glaring, and problematic, incongruity. For this reason, I cannot join the Majority's Rule 600 analysis.

Based upon my reading of Jones' brief, it is unclear whether his arguments are limited to capital resentencing cases, or whether he intended his arguments to extend to all resentencing proceedings. Moreover, it is unclear whether an argument on the latter point was preserved first before the trial court. Regardless, what is clear is that the discussion set forth by the Majority has no bearing upon Jones, who was not subjected to a capital resentencing proceeding. Ultimately, I join in the result reached by the Majority because Jones has proffered no basis in his brief, or before the trial court, that would entitle him to relief in the form of either dismissal of his duly imposed convictions or his life sentence. However, in doing so, I

cannot join in the Majority's analysis of Jones' first issue in this appeal because it is almost entirely non-binding *dicta*.

Justice Fitzgerald Concurs in the Result.