435 A.2d 1293

**COMMONWEALTH of Pennsylvania,**

v.

**Eva M. KUJAS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1981.

Filed Oct. 16, 1981.

---

Francis M. Walsh, Assistant Public Defender, Norristown, for appellant.

Joseph Hylan, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in failing to dismiss all of the charges against her pursuant to Pa.R. Crim.P. 1100. We agree and, accordingly, reverse the judgment of sentence and order appellant discharged.

In a written complaint filed on April 22, 1978, appellant was charged with, *inter alia*, two misdemeanors[1] and two summary traffic offenses.[2] On September 20, 1978, the Commonwealth obtained a one hundred eighty (180) day extension of time for commencement of trial pursuant to Pa.R.Crim.P. 1100(c).[3] On May 7, 1980, appellant filed a petition to dismiss the charges against her pursuant to rule 1100(f). The lower court granted the petition in part, dismissing the two misdemeanor charges because the Commonwealth admittedly had not complied with rule 1100. The lower court, however, denied the petition as to the summary offenses on the ground that rule 1100 did not apply to those charges. Appellant was subsequently tried in Common Pleas Court, found guilty of the summary offenses, and sentenced. Following the denial of post-verdict motions, appellant took this appeal.

1. 18 Pa.C.S.A §§ 5104 (resisting arrest), and 5503 (disorderly conduct).

2. 75 Pa.C.S.A. §§ 1302 (operating a vehicle without a valid registration), and 1501 (operating a vehicle without a license).

3. We express no view on the propriety of the extension.

Appellant contends that the summary offenses with which she was charged were part of a "court case" for the purposes of rule 1100. We agree. Rule 1100(a)(2) provides: "Trial in a *court case* in which a written complaint is filed against a defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." (Emphasis added.) A "Court Case" is defined by rule 3(f) as "a case in which *one or more of the offenses charged is a misdemeanor . . . .* " (Emphasis added.) In *Commonwealth v. Antonuccio*, 257 Pa.Super. 535, 390 A.2d 1366 (1978), the defendant was charged with a misdemeanor and a summary offense. On appeal, this Court ordered him discharged of both offenses because the Commonwealth had failed to establish that it was entitled to an extension under rule 1100(c). *Id.*, 257 Pa.Super. at 536, 390 A.2d at 1367. Under *Antonuccio*, if appellant were tried for misdemeanors *and* summary offenses at the same time, we would be compelled to order her discharged because the Commonwealth admittedly violated rule 1100. By admitting its transgression vis-a-vis the misdemeanors before trial, the Commonwealth could not preserve the summary offenses. *Cf. Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976) (Commonwealth cannot use *nolle prosequi* as a subterfuge to obtain an extension absent compliance with rule 1100(c)). Thus, we conclude that summary offenses charged in the same complaint as misdemeanors are part of a court case for the purposes of rule 1100.[4] *Cf.* Comment to Pa.R.

**4.** The Commonwealth argues that the summary offenses are "summary cases" beyond the scope of rule 1100. We disagree. Rule 3(p) states that a summary case "is a case in which the *only offense or offenses charged are summary offenses.*" (Emphasis added.) By joining the summary offenses in a written complaint charging two misdemeanors, the Commonwealth removed them from the realm of summary cases and the provisions of Pa.R.Crim.P. 51-67. Although we do not rest our decision upon this point, we note additionally that the Rules of Criminal Procedure contemplate that trials in summary cases will be held promptly. *See, e. g.*, Pa.R.Crim.P. 54-55 (procedure in cases initiated by citation), 57 (procedure in cases initiated by summons), 60-62 (procedure in arrest cases). *Cf.* Pa.R.Crim.P. 6013 (120 day prompt trial rule in Municipal Court cases). *See also Commonwealth v. Koch*, 288 Pa.Super. 290, 295, 431 A.2d 1052, 1054

Crim.P. 51 and 101 (summary offense charged in same complaint as misdemeanor or felony "shall proceed as a court case under Chapter 100 [of the rules]"). Consequently, the lower court erred in failing to dismiss the summary offenses when it dismissed the misdemeanors on the basis of rule 1100.

Judgment of sentence reversed and appellant ordered discharged.

PRICE, J., did not participate in the consideration or decision in this case.

(1981) (summary violations warrant prompt disposition, and the rules of criminal procedure are geared toward that goal).