516 A.2d 704

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL RESOURCES, Appellant,**

v.

**William FIORE, d/b/a Municipal and Industrial Disposal Company, Appellee.**

Supreme Court of Pennsylvania.

Argued March 5, 1986.

Decided Oct. 31, 1986.

Lisette M. McCormick, Dennis W. Strain, Com. of Pennsylvania, Dept. of Environmental Resources, Pittsburgh, for appellant.

Robert P. Ging, Jr., Lee R. Golden, Pittsburgh, for appellees William Fiore, etc.

Harold Gondelman, Gondelman, Baxter, McVerry, Smith, Yatch & Trimm, Pittsburgh Co-Counsel for Fiore, etc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

The orders of Commonwealth Court dated December 7, 1984, 88 Pa.Cmwlth. 418, 491 A.2d 284, and March 28, 1985, are reversed. Since the record shows that hazardous wastes are involved, the case is remanded to Commonwealth Court for further proceedings. *See Commonwealth v. Lutz*, 512 Pa. 192, 516 A.2d 339 (1986).

NIX, C.J., files a concurring opinion.

LARSEN, J., files a concurring opinion in which McDERMOTT and PAPADAKOS, JJ., join.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now here ordered and adjudged by this Court that the judgments of the COMMONWEALTH COURT OF PENNSYLVANIA be, and the same are, hereby reversed.

NIX, Chief Justice, concurring.

I concur in the result for the reasons expressed in my Concurring Opinion in *Commonwealth v. Lutz*, 512 Pa. 192, 207–210, 516 A.2d 339, 347 (1986).

LARSEN, Justice, concurring.

I join in reversing the determination of the Commonwealth Court in this case which held that the warrantless inspection of appellee William Fiore's hazardous waste disposal facility violated the Fourth Amendment. That court correctly identified the United States Supreme Court's decision in *Donovan v. Dewey*, 452 U.S. 594, 101 S.Ct. 2534, 69 L.Ed.2d 262 (1981), as controlling. *Donovan* delineated the elements that must be present in order to justify a warrantless administrative search under the *"Colonnade-Biswell* exception"[1] to the warrant requirement of the Fourth Amendment. In finding this exception inoperative in the instant case under section 608 of the Solid Waste Manage-

1. *Colonnade Catering Corp. v. United States,* 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970) (upholding validity of warrantless inspections of

ment Act (the "Act"), 35 P.S. § 6018.608 (Supp.1985), the Commonwealth Court held:

> Because none of [the Donovan] elements are present in the provisions currently before this Court, it must be held that any warrantless search conducted pursuant to their authority is unreasonable and, therefore, unconstitutional. Consequently, DER [the Department of Environmental Resources, appellant] has no legal right to enter Fiore's premises without first obtaining a search warrant.
>
> Based on the foregoing, DER's request for a preliminary injunction is denied.

88 Pa.Cmwlth. at 425, 491 A.2d at 288.

We reverse this determination by Per Curiam Order and remand for further proceedings in light of this Court's decision in *Commonwealth v. Lutz*, 512 Pa. 192, 516 A.2d 339 (1986) (Nix, C.J., concurring; Flaherty, J., concurring; Larsen, J., dissenting, joined by McDermott and Papadakos, JJ.). In *Lutz*, Justice Hutchinson, in his Opinion Announcing the Judgment of the Court, approved (in dictum) warrantless administrative searches of *hazardous* waste facilities under *Donovan* and section 608 of the Act; however, with Chief Justice Nix concurring on non-constitutional grounds, this Court invalidated the warrantless administrative search of appellee Lutz's property which was perceived to involve an investigation or search only for "ordinary solid waste" or non-hazardous waste. *See* Opinion Announcing the Judgment of the Court, 512 Pa. at 195, 516 A.2d at 340. Justice Flaherty agreed that the search was invalid under the Fourth Amendment but viewed any discussion of the validity of a search of a hazardous waste facility as "unnecessary and ... beyond the issue in this case." This author and Justices McDermott and Papadakos would have gone further and would have allowed warrantless administrative searches of all solid waste disposal facilities, including non-hazardous waste facilities, under *Donovan* and the inspection provisions of the Act.

businesses in alcoholic beverage industry); *United States v. Biswell,* 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972) (upholding validity of warrantless inspections authorized by Gun Control Act).

It is apparent that the critical element viewed by Justice Hutchinson as lacking in *Lutz*, (i.e., the increased risks associated with hazardous wastes and the concomitant diminishment of the reasonableness of the expectations of privacy held by one involved with the disposal of such wastes), is present in the instant case. Although it is not spelled out explicitly in the Commonwealth Court opinion, this case involves the search of a hazardous waste facility to ascertain whether appellee Fiore was in compliance with a consent order regarding illegally stored hazardous wastes. Thus, by our determination today reversing the Commonwealth Court and remanding in light of *Lutz*, at least five members of this Court have now upheld the constitutionality of warrantless administrative searches of hazardous waste facilities or for suspected illegal hazardous waste materials under the Act, the Fourth Amendment and *Donovan*. Accordingly, I join in reversing the Commonwealth Court and remanding to that court for further proceedings in light of *Lutz*.

McDERMOTT and PAPADAKOS, JJ., join in this concurring opinion.