532 A.2d 497

Commonwealth of Pennsylvania, Department of Environmental Resources, Appellant *v.* Blosenski Disposal Service, Appellee.

Argued June 8, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Kenneth A. Gelburd,* Special Deputy Attorney General, for appellant.

*James A. Cunningham,* for appellee.

OPINION BY JUDGE BARRY, October 9, 1987:

The Commonwealth's Department of Environmental Resources (Department) appeals an order of the Court of Common Pleas of Chester County which arrested judgment against Blosenski Disposal Service, the appellee.

On August 17, 1982, Frank Holmes, in his capacity as a solid waste specialist of the Department and while on a public highway, noticed a truck bearing the appellee's name entering a concrete building also used by the appellee. Holmes knew that the building was a transfer station, a facility used to compact waste so that it might be loaded onto a large tractor-trailer for ultimate disposal. Holmes also knew that, while the appellee had applied for a permit to operate the transfer station as required by Section 201 of the Solid Waste Management Act (Act), Act of July 7, 1980, P.L. 380, 35 P.S. §6018.201 (Supp. 1987), no permit had been granted by the Department. The truck appeared to be full with bags of trash piled onto the back.

When the truck backed into the concrete building in such a position that it could dump waste into the compactor, Holmes could no longer see what was actually being done. As a result, Holmes exited from his car, entered the private property on which the concrete building was located and ultimately entered the concrete building, all without obtaining a search warrant. Once inside the building, Holmes saw that the truck was empty and that a load of trash was in the compacting unit. The Department thereafter initiated a prosecution alleging a violation of the Act.

The appellee was initially convicted by a district justice. The appellee thereafter filed a de novo appeal to the Court of Common Pleas of Chester County. On February 26, 1984, the date scheduled for trial, the appellee filed a motion to suppress the testimony of Holmes because he had entered private property occupied by the appellee without first obtaining a warrant. The Department objected to the filing of the motion to suppress, arguing that it was untimely. The court overruled the Department's objection, held a hearing on the matter and orally denied the motion to suppress, stating on the record that the waste disposal industry was so regulated that one. engaged therein had no reasonable expectation of privacy to be protected by either the Fourth Amendment to the United States Constitution or Article 1, §8 of the Pennsylvania Constitution.

A non-jury trial was subsequently held and the appellee was found guilty of violating Section 201 of the Act. The court denied appellee's post-verdict motions. Before judgment of sentence could be entered, the appellee filed an appeal to this Court. In an unreported order of November 20, 1985, we dismissed the appellee's appeal and remanded the matter to the trial court for the imposition of sentence. The appellee then requested reconsideration of the trial court's ruling on post-verdict motions in light of this Court's decision in *Commonwealth v. Fiore*, 88 Pa. Commonwealth Ct. 418, 491 A.2d 284 (1985). Upon reconsideration, the trial court reversed its original decision, holding that *Fiore* required suppression of the evidence in question. As a result, the court arrested judgment. This appeal by the Department followed.

The Department first argues that the original suppression motion filed on February 28, 1984 was untimely and should not have been considered. The Rules of Criminal Procedure provide, "Except as otherwise

provided in these rules, the omnibus pretrial motion for relief shall be filed and served within thirty (30) days after arraignment. . . ." Pa. R. Crim. P. 307. In *Commonwealth v. Cornelius,* 254 Pa. Superior Ct. 565, 386 A.2d 94 (1978), Judge VAN DER VOORT, speaking only for himself (three judges concurring in the result and two judges dissenting) held that the time periods mentioned above are applicable to de novo appeals from summary convictions. We are constrained to disagree with our distinguished brethren deciding that case. The note following Rule 307 explicitly states that the Rule is "effective as to cases in which an *indictment or information* is filed on or after Jan. 1, 1978. . . ." (Emphasis added.) Rule 86, dealing with appeals from summary convictions, simply makes no mention of either an indictment or information and, accordingly, we do not believe that Rule 307 is applicable to de novo appeals from a summary conviction.

In *Fiore,* the issue presented involved the Department's right to make a warrantless entry onto the premises where hazardous waste was being disposed of. The Department relied upon provisions contained in Section 608 of the Act and in Section 5(b)(8) of the Clean Streams Law, Act of June 27, 1937, P.L. 1987, *as amended,* 35 P.S. §691.5(b)(8) (Supp. 1987), which allegedly authorized warrantless administrative searches of the premises. We recognized that some such administrative searches were constitutional as long as the law giving such authority provided a predictable inspection scheme. *Donovan v. Dewey,* 452 U.S. 594 (1981). Finding that the provisions relied upon there left the Department with unbridled discretion, we held that the Department could enter the premises only after obtaining a search warrant. Following our decision in *Fiore,* the Department filed a direct appeal to the Supreme Court wherein the Court reversed, relying upon its de-

cision in *Commonwealth v. Lutz,* 512 Pa. 192, 516 A.2d 339 (1986), in which case the Court held that the administrative warrantless search provisions were unconstitutional when non-hazardous wastes were involved. In dicta contained in the case, the Court opined that if hazardous wastes were involved, a different result would follow because of the danger to the public at large. As hazardous wastes were involved in *Fiore,* the Court's dicta in *Lutz* were adopted. *Commonwealth v. Fiore,* 512 Pa. 327, 516 A.2d 704 (1986).

The Department makes a number of arguments concerning our decision in *Fiore* and the Supreme Court's decision in *Lutz.*[1] Discussion of these questions, however, is unnecessary in light of *Illinois v. Krull,* 480 U.S. , 107 S.Ct. 1160, 94 L.Ed. 2d 364 (1987). There, a Chicago detective, relying on a warrantless administrative search provision similar to that involved in this case, conducted a warrantless search. The following day, a federal district court ruled in another case that those provisions were unconstitutional. *Bionic Auto Parts & Sales, Inc. v. Fahner,* 518 F. Supp. 582 (N.D. Ill. 1981). The United States Supreme Court held that despite the ruling concerning the unconstitutionality of the provisions in question, evidence seized in *Krull* was nonetheless admissible because of the officer's good faith reliance on the statute.

It, therefore, matters not whether *Fiore* or *Lutz* were correctly decided in accordance with the United States Constitution, as Holmes, the agent involved in this case, made his warrantless entry onto the property

---

[1] The United States Supreme Court, on March 24, 1987, granted the Department's petition for a writ of certiorari and vacated the judgment in *Lutz,* remanding the case for consideration in light of *United States v. Dunn,* 55 U.S.L.W. 4251 (U.S. March 3, 1987). *Pennsylvania v. Lutz,* 55 U.S.L.W. 3643 (U.S. March 24, 1987).

being used by the appellee in reliance upon provisions which at that time were presumed to be constitutional. While it is true that a state court can interpret that state's constitution to afford greater protections than required by the federal constitution, *Commonwealth v. Harris*, 429 Pa. 215, 219 n. 2, 239 A.2d 290, 292 n. 2 (1968), we simply have no indication that our Supreme Court would hold that Article 1, §8 of the Pennsylvania Constitution, as a matter of state law, renders *Krull* inapplicable. In light of *Krull*, we have no choice but to reverse the order of the trial court and remand for imposition of sentence.

## ORDER

Now, October 9, 1987, the order of the Court of Common Pleas, dated December 23, 1985, arresting judgment is reversed and the case is remanded for the imposition of sentence.

Jurisdiction relinquished.