563 A.2d 953

**Abraham A. CONSTANTINO, Appellant,**

**v.**

**FOREST HILLS BOROUGH, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 2, 1989.

Decided Aug. 18, 1989.

408

Arnold H. Caplan, Pittsburgh, for appellant.

Sanford Kelson, Kelson & Slomski, Pittsburgh, for appellee.

Before DOYLE, PALLADINO and SMITH, JJ.

DOYLE, Judge.

Abraham A. Constantino (Appellant) appeals.[1] from an order of the Court of Common Pleas of Allegheny County adjudging Appellant guilty of violating the Forest Hills Borough (Borough) zoning ordinance, and ordering him to pay a fine of $200.00 plus costs.

Appellant owns a corner lot in the Borough at the intersection of Carmel Court and Filmore Road. His home fronts on Carmel Court. In 1986, the Borough's zoning officer received complaints from motorists that a row of shrubbery in Appellant's side yard blocked their vision of oncoming traffic at the Carmel Court–Filmore Road intersection. After receiving the complaints, the zoning officer notified Appellant that his shrubs were in violation of section 701.12 of the Borough's zoning ordinance[2] (ordinance). The shrubs are five feet tall and run alongside Filmore Road. The zoning officer gave Appellant fifteen days to trim his shrubs down to twenty-four inches, the maximum height allowed under the ordinance's definition of fence.[3]

1. This case was reassigned to the opinion writer on July 6, 1989.
2. Section 701.12 of the ordinance provides as follows:
   Fences and Walls on Corner Lots: No fence or wall shall extend beyond the actual front building line of the principal building on a corner lot, and no fence or wall shall be located in that side yard adjacent to the street, road or way forming the corner at its intersection with the street or way adjacent to the front yard of the principal building, except that a fence shall be permitted in the side yard no closer to the street than the projection of the actual front building line of the principal building on the adjacent property, or if said adjacent property is unimproved, then the required setback line for said adjacent property.
3. Section 1122 of the ordinance defines "fence" as follows: "A barrier planted, constructed or erected for the purpose of protection, confinement, enclosure or privacy. The term 'fence' shall not include hedges, evergreens or natural shrubs which are continuously maintained at a height of less than 24 inches."

Appellant did not trim his shrubs, and, on August 21, 1986, the zoning officer issued a citation. On October 15, 1986, after a hearing before a district justice, Appellant was adjudged guilty and fined $200.00 plus costs. Appellant appealed to the trial court. A trial de novo was held and, in an order filed on July 25, 1988, the trial court adjudged Appellant guilty of violating section 701.12 of the ordinance; Appellant was ordered to pay a $200.00 fine plus costs. On August 8, 1988, Appellant filed a motion for post-trial relief, and on August 23, 1988, Appellant filed an appeal of the July 25th order to the Superior Court. The Superior Court transferred the appeal to this Court.

Initially, we must determine if Appellant has preserved any issues for appellate review. Our research discloses that in appeals from summary convictions, the Rules of Criminal Procedure apply and expressly govern actions for violation of a municipal zoning ordinance. Pa.R.Crim.P. 86(a) provides as follows:

> When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within thirty (30) days after the conviction or other final order from which the appeal is taken. The notice of appeal shall be filed with the officer of the court of common pleas designated to receive such papers.

We note the following language in the comment to rule 86: "Upon appeal from a conviction in a summary proceeding and after a finding of guilt at a trial *de novo* in the court of common pleas, Rule 1123 is intended to require post-verdict motions in the common pleas court." Pa.R.Crim.P. 1123 provides, in pertinent part:

> (a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause

shown, allows otherwise. Argument, a hearing, or both shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions that are stated specifically and with particularity may be argued or heard....

.  .  .  .  .

(c) Upon the finding of guilt, the trial judge shall advise the defendant on the record: (1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein; (2) of the time within which he must do so as set forth in paragraph (a); and (3) that only the grounds contained in such motions may be raised on appeal.

The language in the comment to rule 1123 corresponds to that in the comment to rule 86, and states that "[t]his rule is intended to require post-verdict motions in the court of common pleas after a finding of guilt at a de novo trial in a summary case."

■ Accordingly, if the Borough's zoning ordinance contains a provision for imprisonment upon conviction or upon failure to pay a fine, then Rules 86 and 1123 govern this action. Our review of the Borough's ordinance establishes that it does provide for imprisonment upon failure to pay a fine:

801.4 Penalties: Any person, partnership or corporation who or which shall violate the provisions of this Zoning Ordinance shall, upon conviction thereof in a summary proceeding be sentenced to pay a fine of not more than Five Hundred ($500) Dollars. In default of payment of the fine, such person, the members of such partnership or the officers of such corporation shall be liable to imprisonment for not more than (60) days in the Allegheny County Jail. Each day that a violation is permitted to exist after written notification thereof, shall constitute a separate offense.

Given the specificity of rules 86 and 1123, it is clear that these rules govern the proceedings. It is also clear that Appellant's motion for post-trial relief was not filed within the requisite ten days.[4] A failure to properly raise issues in post-trial motions results in a waiver of those issues. *See Commonwealth v. Samuels,* 326 Pa.Superior Ct. 561, 474 A.2d 632 (1984). In the present case, however, the trial court failed to advise Appellant of his right to file post-verdict motions, as required by subsection (c) of rule 1123. Instead, the trial court issued a form decision finding Appellant guilty and simultaneously sentencing him to pay a $200.00 fine. The Superior Court has disapproved this practice. *Commonwealth v. Dalbon,* 296 Pa.Superior Ct. 122, 442 A.2d 326 (1982). In *Dalbon,* the Superior Court remanded to the trial court because no post-verdict motions had been filed. We need not remand in this case because Appellant did file post-verdict motions, although untimely, and the trial court addressed those motions in its opinion. Accordingly, the record is sufficient for appellate review[5] and in the interest of judicial economy, we shall address the merits of Appellant's appeal.[6]

Appellant raises four issues for review: 1) whether Appellant's shrubbery constitutes a nonconforming structure not subject to the ordinance; 2) whether the Borough's ordinance was misapplied; 3) whether the Borough failed to establish Appellant's guilt beyond a reasonable doubt and; 4) whether Appellant was denied his right to a speedy trial.

Appellant's undisputed testimony was that he planted the shrubs in question in the spring of 1973. They were about five feet tall at the time he planted them and he has maintained and trimmed the shrubs since he planted them. N.T. at 32–33. The Borough's zoning ordinance became

4. The trial court's order was entered on July 25, 1988, and Appellant's motion for post-trial relief was filed on August 8, 1988.

5. Appellant noted before the trial court all the issues he has raised on appeal, thus complying with the requirement of Pa.R.Crim.P. 1123(a) that issues be raised in pre-trial proceedings or at trial.

6. We note that Appellant's appeal to the Superior Court was timely, having been filed within 30 days of the trial court's final order.

effective on January 1, 1974. In addition, section 701.12 was not in the original ordinance, but was added by a 1977 amendment to the ordinance. Similarly, section 1122, which defines fence, was added by the 1977 amendment.

With regard to nonconforming uses and structures, the ordinance provides as follows:

205.1.1 Within the districts established by this Ordinance, or amendments that later may be adopted, there may exist lots, structures, and uses of land and structures which were lawful before this Ordinance was passed or amended but which would be prohibited, regulated or restricted under the terms of this Ordinance or future amendments.

205.1.2 It is the intent of this Ordinance to permit these non-conformities to continue until they are removed, but not to encourage their survival. Such uses are declared by this Ordinance to be incompatible with the permitted uses in the districts involved. It is further the intent of this Ordinance that non-conformities shall not be enlarged upon, expanded, or extended, nor be used as grounds for adding other structures or uses prohibited in the same district.

In addition, section 205.2.1 of the ordinance contains a "special definition," which states that "[t]he use of the term structure in this article shall include any improvement upon land, other than the land itself, any part of which is above the grade level of the ground upon which it stands, and shall include any sign."

█ Section 205.1.2 of the ordinance by its own terms indicates that while certain non conformities are recognized their survival is not encouraged. It further indicates that non conformities "shall not be enlarged upon, expanded, or extended." We must take into account the nature of the non conformity here, i.e. a growing expanding hedge which could continue to grow and to expand uncontrollably unless cut. We hold that section 205.1.2 cannot be read so as to permit shrubbery to create a traffic hazard for motorists in an intersection.

It is well settled that a municipality can exercise its police power to address a safety concern, in this case, the blocked vision of motorists to oncoming traffic. *See* Section 604 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10604 (granting a municipality the power to enact zoning ordinances in order to, *inter alia*, promote health and safety). Nonconforming uses are subject to the same police power. *See Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255 A.2d 506 (1969) (holding that the expansion of a nonconforming use cannot be permitted where it is detrimental to the health, safety and welfare of the public). We thus reject Appellant's contention that his fence constitutes a non conforming structure not subject to the ordinance.

Next Appellant asserts that the ordinance was misapplied because it is, according to him, not a "safety of the road ordinance" but an anti-spite ordinance. We disagree. The ordinance directs that "no fence ... shall be located in that side yard adjacent to the street, road or way...." Additionally, the preamble to the ordinance indicates that it is "for the purpose of promoting and protecting the public health, safety, morals, and general welfare of the borough." Accordingly, in our view the ordinance does pertain to roadway safety concerns.

■ Appellant further argues that his guilt was not established beyond a reasonable doubt. Again, we must disagree. Testimony found credible by the trial court established that the Assistant Borough Manager was notified by several residents that Appellant's shrubbery caused a safety hazard on Filmore Road because vehicles at the intersection of Carmel Court and Filmore Road could not see vehicles coming from the left down Filmore Road toward the intersection. He also clearly testified that the height of the shrubbery was in excess of 24 inches. And while this witness could not recall the exact date he inspected the shrubbery, he testified that it was prior to August 1986 (N.T. 19) and that the citation in question was issued on August 21, 1986. Additionally, the witness indicated that

he had again viewed the premises on the morning of the trial and the shrubbery was in the same condition as when earlier viewed (N.T. 19). We believe, accordingly, that the evidence meets the Borough's standard of proof.

■ Finally, Appellant maintains that he was denied the right to a speedy trial. He relies upon Pa.R.Crim.P. 1100(d)(1). That rule directs that

> "[w]hen a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial, unless the defendant has been released on bail, in which instance trial shall commence in accordance with the provision of subsection (a)(3)."

It is not in dispute that Appellant's trial was held twenty-one months after his de novo appeal of the criminal conviction. Nonetheless, we do not believe that Appellant's right to a speedy trial has been violated because we do not view Rule 1100(d)(1) as applying to appeals from summary convictions, but rather to the granting of a new trial by the trial court. Moreover, Appellant's reliance on *Commonwealth v. Kujas*, 291 Pa.Superior Ct. 411, 435 A.2d 1293 (1981), is misplaced. That case held that where summary offenses are charged in the same complaint as misdemeanors, Rule 1100(a)(2), which provides that a "[trial in a *court case* ... shall commence no later than 180 days from the date on which the complaint is filed," operates so as to encompass the summary offenses appearing in the "same complaint" as the misdemeanors. First, in the case at bar we have no combination of summary offenses and misdemeanors charged in a single complaint. Second, while subsection (a)(2) of Rule 1100 contains the phrase "trial in a court case," and that phrase was relied upon in the *Kujas* court in reaching its determination, the subsection of the rule relied upon by Appellant here contains no such language. *See also Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 294 n. 5, 431 A.2d 1052, 1054 n. 5 (1981) (subsection

(a)(2) of the rule applicable to court cases and not to summary proceedings).

Having thus determined that Appellant's arguments are without merit, we affirm the order of the trial court.

## ORDER

NOW, August 18, 1989, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

PALLADINO, Judge, dissenting.

I respectfully dissent. The majority opinion is based upon a misconception of the facts in this case. Appellant's undisputed testimony was that he planted the shrubs in question in the spring of 1973, at which time they were about five feet tall. Since that time he has trimmed them so as to maintain them at the original five feet height. Because the shrubs were planted prior to the enactment of the Borough's zoning ordinance, as a matter of law they are a nonconforming use.

With regard to nonconforming uses, the relevant section of the ordinance is section 205.1.2 which reads as follows:

205.1.2 *It is the intent of this Ordinance to permit these non-conformities to continue until they are removed,* but not to encourage their survival. Such uses are declared by this Ordinance to be incompatible with the permitted uses in the districts involved. It is further the intent of this Ordinance that non-conformities shall not be enlarged upon, expanded, or extended, nor be used as grounds for adding other structures or uses prohibited in the same district. (emphasis added).

The majority, instead of basing its analysis simply on the existence of a nonconforming use, goes beyond the facts and speculates that because shrubbery is involved, the nonconforming use is expanding uncontrollably, and therefore, a violation is present. The ordinance is clear. A nonconforming use may continue until it is removed, if it is

not enlarged. In the case at bar, there has been no expansion of the nonconforming use.

In addition, under these circumstances, the Borough is not authorized to demand the removal of a nonconforming structure, inasmuch as "[p]roperty owners have a constitutional right to continue nonconforming uses unless abandoned." *Little v. Abington Township Zoning Hearing Board*, 24 Pa.Commonwealth Ct. 490, 492, 357 A.2d 266, 267 (1976). By ignoring the fact that the shrubs have been maintained at their original height, the effect of the majority opinion is to permit the taking of Appellant's property without due process of law.

Accordingly, I would reverse Appellant's conviction and vacate his sentence.