RUFE, J.,
This case involves an appeal by the Commonwealth of Pennsylvania from a decision by the undersigned dismissing the charges filed against defendant following a hearing on September 14, 1990 on defendant’s appeal from conviction by a district justice of four summary offenses on May 29, 1990. The charges were dismissed based upon the belief that defendant’s right to a speedy trial under Rule 1100 of the Pennsylvania Rules of Criminal Procedure mandated that he be brought to trial within one year of his date of arrest. The Commonwealth argues that the case involves summary offenses only, and is therefore controlled by 42 Pa.C.S. §5553(e), mandating only that proceedings be disposed of within a two-year period.
On January 26, 1989, defendant, Thomas Tusiano, was arrested in Bristol Borough, Pennsylvania. At that time he was charged with a violation of section 6503 of the Vehicle Code, a third-degree misdemeanor, 75 Pa.C.S. §6503, as well as four summary offenses. On February 22, 1989, defendant waived the preliminary hearing from the district court to the *239 common pleas court. The initial information filed by the District Attorney’s Office contained only the misdemeanor charge. On May 17, 1989, the Commonwealth amended the information to include the companion summary violations. Pursuant to defendant’s motion to dismiss the misdemeanor count, a hearing was held before the Honorable William Hart Rufe III, in the Court of Common Pleas of Bucks County. The basis for defendant’s motion was that the misdemeanor count was improperly charged and graded as a misdemeanor because it was not a substantive offense. The Commonwealth elected to file a nolle prosequi as to this count, thereby dropping the misdemeanor charge and remanding the summary offenses to the district court.
The Office of the District Attorney contacted District Justice Manto by letter on April 20, 1990 in order to have a hearing scheduled. On May 29, 1990 the district justice heard the summary charges and found defendant guilty. Defendant appealed de novo to this court and the appeal was sustained.
Rule 3(s) of the Pennsylvania Rules of Criminal Procedure defines a summary case as “a case in which the only offense or offenses charged are summary offenses.” Pa.R.Crim.P. 3(s). The time limit for disposition of a summary proceeding is two years. 42 Pa.C.S. §5553(e). Rule 3(g) defines a court case as “a case in which one or more of the offenses charged is a misdemeanor, felony or murder of the first, second or third degree.” Pa.R.Crim.P. 3(g). Rule 1100(a)(3) requires that trial in a court case be commenced no later than 365 days from the date on which the complaint is filed in cases where a written complaint is filed against the defendant. Pa.R.Crim.P. 1100(a)(3).
As originally filed, the case at hand was a court case because one of the charges was a misde *240 meanor. The Commonwealth contends that upon the filing of the nol pros, the case became a summary case even for purposes of Rule 1100.
Defendant asserts that even though the misdemeanor charge under section 6503 of Title 75 was nol prossed, for purposes of Rule 1100 the proceeding is still a court case because the summary charges were originally accompanied by a misdemeanor charge, maintaining, in effect, “Once a court case, always a court case.”
This case appears to be one of first impression. We agree with defendant’s contention that the case must be dismissed under Rule 1100. We base our decision on the Superior Court’s ruling in Commonwealth v. Kujas, 291 Pa. Super. 411, 435 A.2d 1293 (1981).
In Kujas, defendant was charged with two misdemeanors and two summary traffic offenses. Id. at 412, 435 A.2d at 1293. Because the Commonwealth admittedly failed to obtain a proper extension for trial commencement, the court dismissed the two misdemeanor charges. Id. at 413, 435 A.2d at 1294. Defendant also sought dismissal of the two summary charges against her because she argued that they were part of a “court case” for purposes of Rule 1100. Id. We read Kujas to hold that once a cáse is filed as a court case under Rule 3(g), it must remain a court case for purposes of Rule 1100. The Commonwealth cannot use a nol pros to dismiss a misdemeanor charge and thereby change the status of a case to that of a summary case. The Commonwealth in this case merely assumed that the case was now a summary case. It did not file a motion for an extension as provided for in the commentary to Rule 1100 and by Pennsylvania case law. See Pa.R.Crim.P. 1100, advisory committee’s note; see also, Commonwealth v. Ray, 240 Pa. Super. 33, 360 *241 A.2d 925 (1976). In short, it appears that the Commonwealth did not exercise due diligence in bringing this case to trial promptly. Based upon the foregoing, we sustained defendant’s appeal.