## Commonwealth v. Mills

*Dwight Harvey,* for Commonwealth.
*Karl E. Rominger,* for defendant.

HERMAN, *J.,* October 17, 2007—

### BACKGROUND

The defendant was issued a citation for harassment on May 23, 2006. She appeared before Magisterial District Judge Carol Johnson on July 24, 2006 and was found guilty. She filed a timely notice of appeal from the conviction on August 21, 2006. On June 18, 2007, she filed a motion to dismiss the charge pursuant to Pennsylvania Rule of Criminal Procedure 600 because 388 days had passed since the citation was issued and the Common-

wealth had not set a hearing on the appeal. The Commonwealth in its answer to the motion admitted 388 days had passed without a hearing but denied Rule 600 applies to de novo summary appeal cases. Counsel filed briefs as directed on the issue of whether that rule applies in such cases.

## DISCUSSION

Rule 600(A)(3) requires that "[t]rial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed." The defendant contends she is entitled to the benefit of this rule, citing *Commonwealth v. Koch,* 288 Pa. Super. 290, 431 A.2d 1052 (1981). The general proposition in *Koch* which the defendant believes is relevant to the instant case is "all general provisions of the criminal rules become applicable to the trial de novo [in a summary case] unless specifically made inapplicable." *Id.* at 294, 431 A.2d at 1054. (footnote omitted) The Commonwealth does not dispute this general proposition but points to the specific language of Rule 600 which indicates the rule applies only to a "court case" in which a written complaint is filed. Here only a citation was filed, not a written complaint. The Commonwealth also correctly notes that "a court case" is defined in Rule 103 as "a case in which one or more of the offenses charged is a misdemeanor, felony, or murder of the first, second, or third degree." *Constantino v. Forest Hills Borough,* 128 Pa. Commw. 407, 563 A.2d 953 (1989). (That case involved Rule 600's forerunner, Rule 1100.)

Clearly the defendant's summary harassment charge does not fall within this definition.

The Commonwealth cites to other authority which supports its position that Rule 600 does not apply to this matter. In *Commonwealth v. Kujas,* 291 Pa. Super. 411, 435 A.2d 1293 (1981), a summary charge was dismissed under Rule 1100 because it was filed in a complaint in conjunction with a misdemeanor charge, making the summary charge part of a "court case." The implication in *Kujas* was that the summary charge would not have been subject to the time constraints of Rule 1100 if the charge had been filed by citation alone. Similarly, in *Commonwealth v. Lutes,* 793 A.2d 949 (Pa. Super. 2002), the court held Rule 573(B)(2)(a) governing discovery did not apply to summary cases because those are not "court cases" as defined in Rule 103. It has also been held the rule governing omnibus pretrial motions is inapplicable to de novo summary appeals because that rule (formerly 307, now 578) applies only to cases in which an indictment or information is filed, again, not the situation in the case at bar. *Commonwealth v. Marcus,* 690 A.2d 842 (Pa. Commw. 1997), citing *Commonwealth, Department of Environmental Resources v. Blosenki Disposal Service,* 110 Pa. Commw. 194, 532 A.2d 497 (1987), *aff'd,* 523 Pa. 274, 566 A.2d 845 (1989).

The defendant argues Rule 600(G) does not contain language limiting the rule to "court cases," unlike the rule's other subsections: "For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice

on the ground that this rule has been violated." Again, however, the time limits in Rule 600 specifically apply only to "court cases" as defined in Rule 103 and that definition does not encompass summary cases. *Constantino, supra.*

Based on the foregoing, the court will deny the defendant's motion to dismiss the summary charge. The court will direct the district attorney to list the de novo appeal for a hearing on the merits. An appropriate order is attached.

## ORDER

Now, October 17, 2007, the court hereby denies the defendant's motion to dismiss the charge and directs the Commonwealth to schedule a hearing on the merits of the defendant's de novo appeal from the summary conviction.

Pursuant to Pa.R.Crim.P. 114, the clerk of courts shall immediately docket this order and record in the docket the date it was made. The clerk shall forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney and shall record in the docket the time and manner thereof.