J-S53043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TODD DARIN LUCABAUGH, | : | |
| | : | |
| Appellant | : | No. 3 MDA 2015 |

Appeal from the Judgment of Sentence entered on November 18, 2014
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-CR-0008676-2013

BEFORE: DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 13, 2015**

Todd Darin Lucabaugh ("Lucabaugh") appeals from the judgment of sentence imposed following his conviction of the summary offense of driving while operating privilege is suspended. *See* 75 Pa.C.S.A. § 1543(b)(1). We vacate the judgment of sentence and discharge Lucabaugh.

On October 18, 2013, Lucabaugh arrived at Ashley Quadar's ("Quadar") home and demanded custody of her children. Lucabaugh is the paternal grandfather of the children. Quadar refused to give Lucabaugh the children. Lucabaugh became visibly angry, causing Quadar to call the police. As a result, Lucabaugh left the residence. Multiple witnesses observed Lucabaugh, who had a suspended license, get into a vehicle and drive away from the scene.

The trial court set forth the relevant underlying procedural history as follows:

> On October 21, 2013, [Lucabaugh] was charged with driving under a suspended license – driving under the influence-related, simple assault, and defiant trespass. On December 9, 2013, a preliminary hearing was held at which the charges of driving under a suspended license and defiant trespass were bound over for court. On November 17, 2014, [Lucabaugh] filed a Motion to Dismiss due to an alleged violation of his right to a prompt trial under Rule 600 of the [Pennsylvania] Rules of Criminal Procedure. The next day, November 18, 2014, prior to the start of trial, the Commonwealth withdrew the defiant trespass charge and proceeded to a summary trial … on the driving under a suspended license charge. Before commencing the summary trial, [Lucabaugh's] Rule 600 [M]otion was denied. At the conclusion of the trial, the [trial c]ourt found [Lucabaugh] guilty of driving under suspension. [Lucabaugh] immediately proceeded to sentencing[,] at which [the trial court] imposed 60 days of Intermediate Punishment[,] to be split evenly between the York County Prison followed by electronically monitored house arrest. [The trial court] also imposed a mandatory $500.00 fine.
>
> On November 19, 2014, [Lucabaugh] filed Post-Sentence Motions[,] followed by a supplement to those [M]otions on November 25, 2014. On December 1, 2014, th[e trial c]ourt denied those Post-Sentence Motions, but [] granted a Stay of Sentence.

Trial Court Opinion, 3/9/15, at 1-2 (some capitalization omitted).

Lucabaugh filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement. Thereafter, the trial court issued an Opinion.

On appeal, Lucabaugh raises the following question for our review: "Whether the trial court committed an error in law by denying [Lucabaugh's] Rule 600 Motion to [D]ismiss[,] where the Rule 600 mechanical run-date

J-S53043-15

had expired by at least 27 days and the Commonwealth had not exercised
due diligence in its efforts to bring [Lucabaugh] to trial?" Brief for Appellant
at 4.

Our standard and scope of review are well-settled:

In evaluating Rule 600 issues, our standard of review of a trial
court's decision is whether the trial court abused its discretion.
Judicial discretion requires action in conformity with law, upon
facts and circumstances judicially before the court, after hearing
and due consideration. An abuse of discretion is not merely an
error of judgment, but if in reaching a conclusion the law is
overridden or misapplied or the judgment exercised is manifestly
unreasonable, or the result of partiality, prejudice, bias, or ill
will, as shown by the evidence or the record, discretion is
abused.

The proper scope of review ... is limited to the evidence on the
record of the Rule 600 evidentiary hearing, and the findings of
the trial court. An appellate court must view the facts in the
light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court
is not permitted to ignore the dual purpose behind Rule 600.
Rule 600 serves two equally important functions: (1) the
protection of the accused's speedy trial rights, and (2) the
protection of society. In determining whether an accused's right
to a speedy trial has been violated, consideration must be given
to society's right to effective prosecution of criminal cases, both
to restrain those guilty of crime and to deter those
contemplating it. However, the administrative mandate of Rule
600 was not designed to insulate the criminally accused from
good faith prosecution delayed through no fault of the
Commonwealth.

So long as there has been no misconduct on the part of the
Commonwealth in an effort to evade the fundamental speedy
trial rights of an accused, Rule 600 must be construed in a
manner consistent with society's right to punish and deter crime.
In considering these matters ..., courts must carefully factor into
the ultimate equation not only the prerogatives of the individual

- 3 -

accused, but the collective right of the community to vigorous law enforcement as well.

***Commonwealth v. Peterson***, 19 A.3d 1131, 1134-35 (Pa. Super. 2011)

(*en banc*) (citation omitted).

Rule 600 states the following, in relevant part:

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

***

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

***

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the

- 4 -

period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

Pa.R.Crim.P. 600.[1]

"Rule 600 requires the Commonwealth to try a defendant within 365 days of the filing of a criminal complaint." ***Commonwealth v. Roles***, 116 A.3d 122, 124 (Pa. Super. 2015).

For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time. Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. In determining whether the Commonwealth has exercised due diligence, the courts have explained that due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

Delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time. However, when the delay attributable to the court is so egregious that a constitutional right has been impaired, the court cannot be excused for postponing the defendant's trial and the delay will not be excluded.

Pa.R.Crim.P. 600, cmt. (citations, quotation marks, and brackets omitted).

"The Commonwealth has the burden of establishing by a preponderance of

---

[1] We note that effective July 1, 2013, the Supreme Court of Pennsylvania adopted a new Rule 600, which reflected the prevailing case law. ***See*** Pa.R.Crim.P. 600, cmt.

the evidence that it exercised due diligence throughout the prosecution." ***Roles***, 116 A.3d at 125. If any defendant is not brought to trial within the time periods in paragraph (A), the charges will be dismissed with prejudice. Pa.R.Crim.P. 600(D)(1); ***Roles***, 116 A.3d at 125.

Lucabaugh contends that the trial court abused its discretion in denying his Rule 600 Motion where the mechanical run-date had expired at least 27 days prior to trial. Brief for Appellant at 8, 9. Lucabaugh asserts that there were no excludable days as he did not request any continuances. ***Id***. at 9. Lucabaugh further argues that the Commonwealth failed to exercise due diligence in bringing him to trial. ***Id***. at 8, 9. Lucabaugh claims that the Commonwealth caused the delay because its witness, Police Officer Timothy Dehoff ("Officer Dehoff"), was unavailable. ***Id***. at 10. Lucabaugh points out that the Commonwealth did not notify either the trial court or the defense about Officer Dehoff's unavailability for the August and September 2014 trial terms. ***Id***. at 10, 12. Lucabaugh also claims that it was common practice in York County to shift cases to different courtrooms when availability issues arise. ***Id***. at 13. Lucabaugh additionally notes that the Commonwealth's withdrawal of the misdemeanor charge and subsequent summary trial demonstrates that this matter could have been tried at any time. ***Id***.

Initially, Rule 600 is not applicable to trials involving summary violations, as the rule specifically excludes summary proceedings. ***See***

*Commonwealth v. Koch*, 431 A.2d 1052, 1054 n.5 (Pa. Super. 1981) (*en banc*) (stating that Criminal Rule 1100 (predecessor to Rule 600) is inapplicable to summary proceedings, as the rule specifically excludes such proceedings). In point of fact, the title of Chapter 6 of the Pennsylvania Rules of Criminal Procedure is "Trial Procedures in **Court Cases**." Further, Rule 600(A)(2)(a) requires that "[t]rial in a **court case** in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a) (emphasis added). A "court case" is defined as "a case in which one or more of the offenses charged is a misdemeanor, felony, or murder of the first, second, or third degree." Pa.R.Crim.P. 103. By contrast, a "summary case" is defined as "a case in which the only offense or offenses charged are summary offenses." *Id*.

In this case, Lucabaugh was charged in the same Criminal Complaint with a misdemeanor and a summary offense of driving while his operating privilege was suspended. The fact that Lucabaugh was charged with a summary offense, in the same Complaint as a misdemeanor, establishes this as a "court case." *See Commonwealth v. Kujas*, 435 A.2d 1293, 1294 (Pa. Super. 1981) (concluding that summary offenses charged in the same complaint as misdemeanors are part of a "court case" for the purposes of Rule 1100 (now 600)). Thus, despite the fact that the Commonwealth withdrew the misdemeanor charge just prior to trial, we conclude that Rule

600 is applicable to the proceedings. *See id*. (stating that the Commonwealth is not permitted to use *nol pros* as a device to change the status of a case and thereby subvert the requirements of Rule 1100); *see also id*. (concluding that the trial court erred in failing to dismiss the summary offenses when it dismissed the misdemeanors under Rule 1100).

The parties agree that Rule 600 required the Commonwealth to bring Lucabaugh to trial within 365 days of the filing of the Criminal Complaint. *See* Pa.R.Crim.P. 600(A)(2)(a). The Criminal Complaint was filed on October 21, 2013. Thus, Lucabaugh's trial was required to commence before October 21, 2014. *See id*. Lucabaugh's trial did not commence until November 18, 2014, which was 27 days after the expiration of the 365-day period. The parties agree that Lucabaugh did not seek any continuances. *See* N.T., 11/18/14, at 45, 47; *see also* Trial Court Opinion, 3/9/15, at 6. Therefore, we must review the record to determine whether the trial court abused its discretion in determining that the Commonwealth exercised due diligence.

Here, on December 9, 2013, following a preliminary hearing, the charges of driving under a suspended license and defiant trespass were bound over for court. Thereafter, the trial court conducted a pre-trial conference on February 18, 2014, at which Lucabaugh's counsel asked for the case to be listed for trial. N.T., 2/18/14, at 2. The case was scheduled for a jury trial on April 3, 2014. However, no trial occurred, and there is no

indication in the record as to what had occurred. There were no further docket entries until November 17, 2014, when the case was scheduled for a jury trial on November 18, 2014, and Lucabaugh filed his Rule 600 Motion. Prior to the start of trial, the Commonwealth withdrew the defiant trespass charge and the case proceeded to a summary bench trial on the driving under a suspended license charge. N.T., 11/18/14, at 4-5.

At this trial, a hearing was conducted on Lucabaugh's Rule 600 Motion. The Commonwealth, **without presenting any evidence**, argued that Officer Dehoff was unavailable for the August and September trial terms and that he had submitted an unavailability form for those periods.[2] *Id*. at 45, 46. The Commonwealth further stated that it did not attempt to schedule the case in October due to ongoing homicide trials. *See id*. at 45; *see also id*. (wherein the Commonwealth states that the trial court "might also have" been busy and unavailable in August 2014 due to ongoing homicide trials). The trial court denied Lucabaugh's Motion, finding that the Commonwealth

---

[2] As part of his claim, Lucabaugh argues that Officer Dehoff was an unnecessary witness for the trial on the driving under a suspended license charge, as other witnesses could have testified to the fact that he drove a car on the day in question. Brief for Appellant at 10-12. However, Lucabaugh waived this claim by failing to raise it before the trial court, either in his Rule 600 Motion or at the hearing, or in his Rule 1925(b) Concise Statement. *See* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii). Moreover, Lucabaugh has not demonstrated, through citation to case law, that only those witnesses who directly observed the crime are necessary witnesses. *See* Pa.R.A.P. 2119(a). In this case, Officer Dehoff testified to his investigation of the incident, including interviewing witnesses, presenting Lucabaugh's driving history, and Lucabaugh's admissions. N.T., 11/18/14, at 11-14.

had acted with due diligence in scheduling the trial. *Id*. at 48. Specifically, the trial court found that the Commonwealth placed Lucabaugh's case on the trial list in April 2014, well before the mechanical run-date of October 21, 2014, and that Officer Dehoff was unavailable for the trial terms in August and September 2014. *See* Trial Court Opinion, 3/9/15, at 8-10.

With regard to the trial court's finding that the Commonwealth exercised due diligence by listing the case in April 2014, which was prior to the expiration of the run date, *see id*. at 8, 10, there is no evidence in the record as to why the trial was listed in April 2014, without going to trial. It is well-settled that an administrative error or a scheduling conflict attributable to the trial court would not be counted against the Commonwealth for the purposes of due diligence analysis. *See* *Commonwealth v. Hunt*, 858 A.2d 1234, 1241-42 (Pa. Super. 2004). However, due to the absence of evidence in the certified record, this Court has no way of determining if the delay was attributable to the trial court or the Commonwealth. The Commonwealth bears the burden of proof in demonstrating it acted with due diligence, and such evidence is absent from the record. *See Commonwealth v. Bradford*, 46 A.3d 693, 701 (Pa. 2012) (stating that "[t]he Commonwealth … has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence."); *cf. Commonwealth v. Hill*, 736 A.2d 578, 592 (Pa. 1999) (concluding that the Commonwealth did not violate Rule 600 where the trial

had been listed well before the run date, *and* the delay was a result of the defendant's filing "an inordinate number of pretrial motions."). Thus, because the Commonwealth assumes responsibility for insuring that the speedy trial rights of defendants are protected, the Commonwealth's action of simply listing the case, without evidence of why the case failed to proceed to trial, is insufficient to prove that the Commonwealth acted with due diligence.

The trial court also found that Officer Dehoff's unavailability during the August and September 2014 trial terms was outside the control of the Commonwealth, and demonstrated that the Commonwealth had made reasonable efforts to bring the case to trial. **See** Trial Court Opinion, 3/9/15, at 9, 10. The trial court relied upon the representations made by the district attorney during the Rule 600 hearing relating to Officer Dehoff's unavailability during the August and September 2014 trial terms. **See** N.T., 11/18/14, at 46; **accord** Trial Court Opinion, 3/9/15, at 9. However, in scheduling matters under Rule 600, "unsworn representations of counsel are not evidence." **Commonwealth v. Johnson**, 852 A.2d 315, 318 (Pa. Super. 2004); **see also id**. (stating that "[r]epresentations are not testimony-they are at most a part of argument."). Indeed, the record does not contain any evidence to substantiate Officer Dehoff's unavailability. Importantly, the Commonwealth never discussed this issue with either the trial court or defense counsel, or sought a continuance, despite the fact that

it should have been apparent to the Commonwealth that a date had not been scheduled within a timeframe consistent with Rule 600. *See id*. (pointing out that the Commonwealth failed to discuss "something as routine as scheduling with a judge without anything of record showing notice to, or without giving actual notice to, opposing counsel, especially in a case where timing of the trial is may be a dispositive issue."); *see also* Trial Court Opinion, 3/9/15, at 6 n.2 (stating that the Commonwealth was aware, prior to trial, of Lucabaugh's Rule 600 Motion). Thus, with respect to the unavailability of Officer Dehoff, the Commonwealth's arguments are without support in the record. Accordingly, the trial court abused its discretion in finding that the Commonwealth met its burden to establish due diligence in bringing Lucabaugh to trial within the required time. *See Bradford*, 46 A.3d at 701.

Furthermore, the Commonwealth failed to act with due diligence by passively accepting a trial date, which it knew violated Rule 600. Indeed, the Commonwealth does not demonstrate that the delay due to the alleged clogged docket could not have been avoided. *See* Trial Court Opinion, 3/9/15, at 9 (noting that it is "common practice in York County for cases to

- 12 -

be shifted to other courtrooms as necessary.");[3] 10 (stating that "our unavailability to try cases would not have been a circumstance beyond the Commonwealth's control."); *see also Commonwealth v. Hawk*, 597 A.2d 1141, 1145-46 (Pa. 1991) (stating that the Commonwealth did not exercise due diligence where it failed to take affirmative action to get case tried prior to Rule 600 deadline because the case was listed for trial at a time that the trial judge could not hear the case due to illness and vacation, and the Commonwealth did nothing to avoid delay, despite the fact that record demonstrated that cases were being transferred to other judges). The record discloses no effort by the Commonwealth to inform the trial court or Lucabaugh of the Rule 600 issues. Additionally, the Commonwealth cannot show this was the earliest possible date that Lucabaugh's trial could begin, and hence, failed to establish due diligence. *See Johnson*, 852 A.2d at 318 (stating that the Commonwealth failed to exercise due diligence to bring defendant's trial within Rule 600 limits where the defendant's trial was scheduled to begin on a date after the expiration of the Rule 600 deadline, and there was an absence of competent evidence of record to show that the Commonwealth had informed the scheduling judge of the Rule 600 issue when setting the trial date); *see also Commonwealth v. Lewis*, 804 A.2d

---

[3] The Commonwealth argues that Lucabaugh conceded that the trial court was unavailable to hear the case in August 2014. *See* Brief for the Commonwealth at 21. However, our review of Lucabaugh's brief discloses that Lucabaugh was merely adopting the reasoning of the trial court that cases may be shifted to other courtrooms when availability issues arise. *See* Brief for Appellant at 13.

671, 674 (Pa. Super. 2002) (stating that the Commonwealth's election to have defendant's trial begin beyond the expiration of the Rule 600 deadline, even though it knew or should have known of the time problem, showed a lack of due diligence when no reasons of record existed to justify postponing the case).

Based upon the foregoing, the record is devoid of evidence that the Commonwealth exercised due diligence to have this case tried at the earliest possible date. Not only did Lucabaugh's case remain within the Commonwealth's control, but the actions taken to comply with Rule 600 fell short of the standard of due diligence, as a date had not been scheduled within the timeframe consistent with Rule 600 compliance. In point of fact, a number of months passed, during which time the Commonwealth could have taken any number of formal and/or informal actions in an attempt to avoid a Rule 600 violation. We therefore conclude that the trial court abused its discretion when it denied Lucabaugh's Motion to Dismiss pursuant to Rule 600. *See Commonwealth v. Aaron*, 804 A.2d 39, 44 (Pa. Super. 2002) (stating that the trial court abused its discretion in failing to dismiss charges under Rule 600 where there was no evidence of record that the Commonwealth made an effort to bring case to trial within 365 days). Accordingly, we must vacate Lucabaugh's conviction and dismiss the charge against him with prejudice. *See* Pa.R.Crim.P. 600(D)(1); *Kujas*, 435 A.2d at 1294.

Judgment of sentence vacated. Lucabaugh discharged. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015